UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEFFREY SLAYTER, et al.,

      Plaintiffs,

vs.                                                                           Case No. 8:07-cv-1903-T-24-EAJ

DC 701, LLC, et al.,

      Defendants.

_____

## **O R D E R**

This case comes before the Court for consideration of Plaintiffs' Request for Clerk's Entry of Default against Defendants DC 701, LLC, DC 703, LLC, Cay Clubs Resorts, LLC, CC 701, LLC, and Cay Clubs International, LLC pursuant to Rule 55(a). (Doc. Nos. 47, 48, 49, 50, 51.) The Clerk of the Court previously entered defaults against these defendants when they failed to respond to Plaintiffs' original Complaint. (Doc. Nos. 24, 25, 26, 27, 28.)

Plaintiffs' have since amended their Complaint. The substantive claims raised in the Amended Complaint are identical to those raised in the original Complaint. The only difference between the Amended Complaint and original Complaint is that additional plaintiffs have been named in the action.

Plaintiffs served these defendants with the Amended Complaint via regular mail. To date, the defendants have not answered or otherwise appeared in this action. Therefore, Plaintiffs request that the Clerk enter default.

Rule 5(a)(2) provides that if a party is in default for failing to appear, no service is required but "a pleading that asserts a new claim for relief against such a party must be served on

that party under Rule 4." Plaintiffs' Amended Complaint, while substantially the same as the original Complaint, is one that must be served under Rule 4 on these defaulted defendants because it asserts claims by new plaintiffs. Plaintiffs' service by mail of the Amended Complaint is insufficient. Accordingly, Plaintiffs' Requests for Clerk's Entry of Default are **DENIED**. (Doc. Nos. 47, 48, 49, 50, 51.)

**DONE AND ORDERED** at Tampa, Florida, this 29th day of February, 2008.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
Deputy Clerk