UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEFFREY SLAYTER, et al.,

    Plaintiffs,

v.                                                      Case No.  8:07-cv-1903-T-24-EAJ

DC 701, LLC, et al.,

    Defendants,

_____/

**<u>ORDER</u>**

        This cause comes before the Court on Motions to Sever and Motions to Dismiss filed by Defendants Dave Clark and Ricky Stokes.  (Doc. Nos. 36, 37, 38, 44).  Defendants move to sever Plaintiffs' claims in this case under Federal Rule of Civil Procedure 20, and alternatively to dismiss the Amended Complaint for failure to state a claim under Rule 12(b)(6).  Plaintiffs oppose the motions. (Doc. Nos. 46, 56, 57.)

**I.     Background**

        Plaintiffs allege the following in their Amended Complaint: This case arose from a scheme by Defendants Dave Schwarz, Dave Clark, and Ricky Stokes, and a group of Florida companies collectively referred to as the Cay Club Defendants, to sell securities in the form of investment contracts for the purchase of converted condominium units and membership fees at the Clearwater Cay Club Resort (the "Clearwater Investment Contract").  Defendants enticed Plaintiffs to reserve specially priced units at the Clearwater Resort, to become members of Defendants' network of resorts, and thereafter to purchase the units and membership fees at the Resort using borrowed funds from Cay Clubs' list of preferred lenders.  Defendants promised to develop the Clearwater Resort

into a world class resort and represented that they would use their expertise to create income and capital appreciation for investors through the development of their network.

Plaintiffs allege that to induce Plaintiffs to invest in the scheme, Defendants intentionally, or with reckless disregard for the truth, made material false and misleading statements, which Plaintiffs relied on to their detriment. Significantly, Defendants failed to disclose the feasibility of the grandiose development plan they promoted, including the effect of zoning ordinances, the financial impact of the proposed Community Development District upon which the plans rested, their ability to construct the promised amenities, the past profits earned by investors in other Cay Club resorts, and the true market value of the units being sold. As a result, Plaintiffs invested in a substantially overvalued real estate development and suffered monetary losses. Based on these allegations, Plaintiffs assert eight causes of action against Defendants under the Securities Exchange Act, Florida's Securities Investor Protection Act, and common law.

## II.     Discussion

### A.     Motions to Sever under Rule 20

Defendants Clark and Stokes move to sever Plaintiffs' claims under Rule 20 on the grounds that the claims do not arise from the same transaction, occurrence, or series of occurrences. Defendants emphasize that this case involves thirty-seven Plaintiffs that purchased real estate through sixty unrelated and separate purchase transactions. Defendants note that these transactions occurred over the course of several years and that the operative facts relative to these transactions differ. Defendants fear that, if Plaintiffs' claims are not severed, they and the Court would be forced to endure separate mini trials on the distinct set of facts and circumstances that surround each real estate transaction.

Rule 20 provides that "[a]ll persons may join in one action as plaintiffs if they assert any right to relief . . . arising out of the same transaction, occurrence, or series of transactions or occurrences . . . and if any question of law or fact common to these persons will arise in the action." The central purpose of the rule is "to promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits." *Alexander v. Fulton County*, 207 F.3d 1303, 1323 (11th Cir. 2000). "Transaction" for purposes of Rule 20 "is a word of flexible meaning." *Id.* "[A]ll logically related events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence." *Id.* Furthermore, "Rule 20 does not require that *all* questions of law and fact raised by the dispute be common, but only that *some* question of law or fact be common to all parties." *Id.*

The Court concludes that severance is inappropriate because Plaintiffs' claims involve the same allegedly fraudulent scheme, which was premised on identical misrepresentations by Defendants that gave rise to identical claims. Each Plaintiff allegedly fell victim to a common scheme in which Defendants sold them an identical security interest in the same overvalued real estate development. Defendants allegedly induced Plaintiffs to purchase the security interests by presenting them with nearly identical scripted multi-media presentations and accompanying brochures. As a result, Plaintiffs have asserted identical claims for relief. To sever Plaintiffs' claims at this stage would yield unnecessary duplication of effort by the Court and the parties, and would not serve the interests of judicial economy. Therefore, the motions to sever are denied.

**B.     Motions to Dismiss under Rule 12(b)(6)**

Defendants Clark and Stokes also move to dismiss the Plaintiffs' Amended Complaint based upon a variety of legal theories. In deciding a motion to dismiss, the district court is required to

view the complaint in the light most favorable to the plaintiff. *Murphy v. Fed. Deposit Ins. Corp.*, 208 F.3d 959, 962 (11th Cir. 2000). The plaintiff is not required to set out in detail the facts upon which he bases his claim. Instead, Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, __ U.S. __, __, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (citation omitted). As such, a plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at __, 127 S. Ct. at 1965 (citation omitted). While the Court must assume that all of the allegations in the complaint are true, dismissal is appropriate if the allegations do not "raise [the plaintiff's] right to relief above the speculative level." *Id.* (citation omitted).

### 1. Defendant Clark's Motion to Dismiss Counts I and II

Defendant Dave Clark moves to dismiss Counts I and II of the Amended Complaint on the grounds that Plaintiffs have failed to plead the elements required to sustain a cause of action against him for violations of Section 20(a) of the Securities Exchange Act, 15 U.S.C. § 78t(a), and Section 15(a) of the Securities Exchange Act, 15 U.S.C. § 77o. Clark argues that Plaintiffs' vague allegation that he "orchestrated the scheme" is insufficient to state a claim against him for "control person liability" under these sections.

> Section 20(a) provides that:
>
> Every person who, directly or indirectly, controls any person liable under any provision of this chapter or of any rule or regulation thereunder shall also be liable jointly and severally with and to the same extent as such controlled person to any person to whom such controlled person is liable, unless the controlling person acted in good faith and did not directly or indirectly induce the act or acts constituting the violation or cause of action.

15 U.S.C. § 78t(a). To state a claim for control person liability under this section, Plaintiffs must

allege facts that establish: (1) a primary violation of the securities laws by a controlled person; (2) that Clark had the power to control the general business affairs of the controlled person; and (3) that Clark "had the requisite power to directly or indirectly control or influence the specific corporate policy which resulted in primary liability."[1] *Theoharous v. Fong*, 256 F.3d 1219, 1226 (11th Cir. 2001) (citations and quotations omitted). "The term control (including the terms controlling, controlled by and under common control with) means the possession, direct or indirect, of the power to direct or cause the direction of the management and policies of a person, whether through the ownership of voting securities, by contract, or otherwise." *Id.* at 1227 (quoting 17 C.F.R. § 230.405).

Here, Plaintiffs allege that "[Defendants] Clark and Schwarz are the principals of each of the Cay Club Defendants and orchestrated the scheme outlined herein and used those entities in furtherance of their scheme." Plaintiffs further allege that Defendants DC 703 and DC 701 "served as mere instrumentalities of the ubiquitous 'Cay Club Resorts and Marinas' created and directed by Schwarz and Clark." Even viewing these allegations in the light most favorable to Plaintiffs, they are insufficient to state a claim for control person liability against Defendant Clark. Merely restating the legal standard for control person liability, or in this case, merely alleging that Defendant Clark orchestrated and directed the scheme–without more–is insufficient to plead control person liability. *Bruhl v. Price Waterhousecoopers, Int'l*, No. 03-23044, 2008 U.S. Dist. LEXIS 30963, at * 10 (S.D. Fla. Mar. 31, 2008).

Furthermore, although this argument was not raised by Defendant Clark, the Court is not convinced that Plaintiffs have satisfied their initial burden to allege a primary violation of Section

---

[1] The test for control person liability under both § 15 and § 20a is the same.

10(b) against the Cay Club Defendants. The success of Plaintiffs' Section 20(a) claims turns on the resolution of their claims under Section 10(b). *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006). To allege a sufficient level of factual detail for a Section 10(b) claim, the complaint must "specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed." *Id.* at 1262 (quoting 15 U.S.C. § 78u-4(b)(1)). Plaintiffs have alleged vaguely that Defendants knowingly made material misrepresentations, but they have not specified what those statements were or why they were misleading. "It is well established that claims of securities fraud cannot rest on speculation and conclusory allegations." *Id.* at 1265 (quotations and citations omitted). Accordingly, Defendant Clark's motion is granted to the extent that Counts I and II, as currently pled against him, are dismissed without prejudice.

### 2. Defendant Clark's Motion to Dismiss Count III

Defendant Clark also moves to dismiss Count III of the Amended Complaint, which purports to allege a violation of Florida Statute § 517.301, on the grounds that the type of transactions entered into by Plaintiffs are specifically excluded from regulation under that section. Further, he argues that Plaintiffs have failed to allege he committed fraud with sufficient particularity under Rule 9(b) because they did not allege that he made any false statements regarding a material fact.

Florida Statute § 517.301 prohibits fraudulent practices in connection with the sale of "any investment or security." Fla. Stat. § 517.301(1)(a). For purposes of this section, the term "investment" is defined to specifically exclude transactions involving "a commitment of money or property for the purchase of a business opportunity, business enterprise, or real property through a

person licensed under chapter 475 or registered under chapter 498." Fla. Stat. § 517.301(2)(a). Defendant Clark argues that this exclusion operates to bar Plaintiffs from raising any claims under section 517. Plaintiffs respond that the provision has no effect on the validity of their claims because Plaintiffs do not contend that the transactions are "investments." Rather, Plaintiffs specifically allege that the Clearwater Investment Contract is a *security* within the meaning of Florida law. (Pls.' Am. Compl. ¶ 178).

The Court agrees that, at this stage of the litigation, Defendant Clark has not shown that this provision necessarily excludes Plaintiffs' claims. Section 517.301 clearly states that liability under the section may flow from fraud in connection with the sale of "any investment *or* security." Plaintiffs have alleged that the transactions at issue involve securities and, therefore, whether or not the transactions fall within the section's narrow definition of "investment" is not material.

While Plaintiffs may have a legal basis to seek relief under § 517.301, the Court agrees with Defendant Clark that Plaintiffs have failed to allege sufficient facts to state a claim under this section. Because § 517.301 involves fraud, Plaintiffs must allege the elements of the claim with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure. Plaintiffs have failed to allege any particular false statements of material fact made by Defendant Clark and have therefore failed to meet the standard of Rule 9(b). Accordingly, Defendant Clark's motion is granted and Count III as alleged against him is dismissed without prejudice.

### 3. Defendant Stokes' Motions to Dismiss as to Counts I through V

Defendant Ricky Stokes moves to dismiss or, in the alternative, for a more definite statement as to Counts I through V of the Amended Complaint on the grounds that Plaintiffs have failed to state a cause of action against him for violation of federal and Florida securities laws. Specifically,

Stokes contends that Plaintiffs have failed to adequately allege that the transactions at issue involved the sale of a security under either federal or Florida law.

Both federal and Florida law define the term "security" in "sufficiently broad and general terms so as to include within the definition the many types of instruments that in our commercial world fall within the ordinary concept of a security." *United Housing Found., Inc. v. Forman*, 421 U.S. 837, 847-48 (1975). Both definitions expressly include, among other things, investment contracts. *See* 15 U.S.C. § 77b(a)(1); Fla. Stat. 517.021(21)(q). In *SEC v. W.J. Howey Co.,* 328 U.S. 293 (1946), the United States Supreme Court defined "investment contract" as "a contract, transaction or scheme whereby a person invests his money in a common enterprise and is led to expect profits solely from the efforts of the promoter or a third party." *Id.* at 298. Later courts have interpreted the definition in *Howey* as establishing a three-prong test for determining the existence of an investment contract: "(1) an investment of money; (2) a common enterprise; and (3) the expectation of profits to be derived solely from the efforts of other." *SEC v. Unique Financial Concepts, Inc.*, 196 F.3d 1195, 1999 (11th Cir. 1999). Florida courts have also adopted and applied the *Howey* test to determine the existence of an investment contract under Florida securities law. *See e.g., Rudd v. State of Florida*, 386 So. 2d 1216 (Fla. 5th DCA 1980).

In this case, Plaintiffs allege that the Clearwater Investment Contract constitutes a security under federal and Florida law because it satisfies the *Howey* test for an "investment contract." (Pls.' Am. Compl. ¶ 150). There is no dispute that Plaintiffs did indeed invest money with Defendants, thereby satisfying the first prong of the *Howey* test. However, Defendant Stokes contends that Plaintiffs have failed to allege sufficient facts to satisfy the second and third prongs: that the Plaintiffs' investments were part of a "common enterprise" or that Plaintiffs expected to reap profits

"solely from the efforts of others."

In the Eleventh Circuit, the test for whether a common enterprise exists focuses on the concept of vertical commonality and requires a showing that "the fortunes of the investor are interwoven with and dependent on the efforts and successes of those seeking the investment or of third parties." *Unique Fin. Concepts*, 196 F.3d at 1199 (quoting *Villenueve v. Advanced Bus. Concepts Corp.*, 698 F.2d 1121, 1124 (11th Cir. 1983)). Unlike the more stringent tests utilized by other courts, this standard is satisfied as long as "the investors' money is tied to the efforts and success of someone else." *SEC v. Kirkland*, 521 F. Supp. 2d 1281, 1292 (M.D. Fla. 2007).

In this case, the allegations of the Amended Complaint are sufficient to satisfy the second prong of the *Howey* test. Plaintiffs have alleged that the profitability of Plaintiffs' investment was interwoven with the efforts and success of the Defendants in developing the Clearwater Resort. For example, Plaintiffs allege that "the Cay Clubs Defendants represented that they would use their expertise to create income and capital appreciation for investors through the development of their 'network' of high end resorts - including the Clearwater Resort." (Pls.' Am. Compl. ¶ 2). Based on the Plaintiffs' allegations, it is clear that any profits realized from the venture would be directly tied to the ability of the Defendants to develop and market the Clearwater Resort and its supposed amenities, and not to any actions taken by the Plaintiffs themselves.

The third prong of the *Howey* test asks whether the purported investment contract involves an expectation of profits to be derived solely from the efforts of others. Many courts, including the Eleventh Circuit, have rejected a literal interpretation of this language and ask instead "whether the efforts made by those other than the investor are the undeniably significant ones, those essential managerial efforts which affect the failure or success of the enterprise." *Kirkland*, 521 F. Supp. 2d

9

at 1295 (quoting *Unique Fin. Concepts*, 196 F.3d at 1201). In an investment contract scheme, the investor remains passive, with no control over the property or its potential profitability. *Id*. at 1295-96. An investor's degree of control over the investment must be determined practically, by examining not only the legal agreements underlying the arrangement but also the representations made by the promoter or others in marketing the investment and the "economic reality" of the investor's relations with the promoter or third-party manager. *SEC v. Merchant Capital, LLC*, 483 F.3d 747, 756-57 (11th Cir. 2007); *Hocking v. DuBois*, 885 F.2d 1449, 1461 (9th Cir. 1989).

The Court finds that, at this stage of the litigation, Plaintiffs have alleged sufficient facts to satisfy the third prong of the *Howey* test. Plaintiffs have alleged that the profits promised to them would be realized "through the managerial and developmental efforts of the Cay Club Defendants." (Pls.' Am. Compl. ¶ 46). Further, Plaintiffs have alleged that the investment opportunity proposed to them would be "entirely passive," with the Defendants taking "all action necessary to keep each unit leased" and with Plaintiffs having "no control over the rental of the units they had purchased." (Pls.' Am. Compl. ¶ 55, 64, 142). Because Plaintiffs have alleged facts sufficient to demonstrate that the Clearwater Investment Contract satisfied the *Howey* test and is therefore a "security" within the meaning of federal and Florida law, Defendant Stokes' motion to dismiss Counts I through V is denied.

Defendant Stokes' motion is styled as a motion to dismiss or, in the alternative, a motion for a more definite statement. However, neither the motion itself nor Defendant Stokes' supporting memorandum presents any argument in support of the motion for a more definite statement. In light of the lack of argument and the fact that motions for a more definite statement are generally disfavored under the law, *Campbell v. Miller*, 836 F. Supp. 827, 832 (M.D. Fla. 1993), Defendant

Stokes' alternative motion for a more definite statement is denied.

### 4. Defendants Stokes' Motion to Dismiss Counts I through V, VII, and VIII as to Particular Plaintiffs

In the Amended Complaint, Plaintiffs set forth general allegations regarding the conduct of Stokes and the other defendants as well as specific allegations of particular conduct with respect to each Plaintiff. Defendant Stokes recognizes that the Amended Complaint does in fact allege at least some level or degree of connection between Stokes and some of the Plaintiffs; however, Stokes contends that the Amended Complaint identifies no such connection between himself and the following plaintiffs: Donald and Camille Gillis, Warren Merlino, John Lapadula and Christine Kovacs, Jamie Castagna, R Bar, LLC, Lenard and Bonnie Rodgers, PLGC Ventures, LLC, Rose McGahee, Christopher and Melissa Sechrist, Charles A. Paxton, Craig Gordon and Bjorn Andreassen, James Casalino, Mark Younger, Dennis Niec, Ron Berman, Trust No. 2721-326, Paresh Shulka, Trust No. 2715-729, and Thomas Giardina. Accordingly, Defendant Stokes moves to dismiss Counts I through V, VII, and VIII as to those particular plaintiffs.

The Court agrees that the Amended Complaint alleges no connection at all between Defendant Stokes and the particular plaintiffs identified. In their Response to Stokes' Motion to Dismiss, Plaintiffs concede this point, noting that the allegations regarding Stokes' conduct may not have been specifically identified with regard to each plaintiff and indicating their intent to seek leave to file a Second Amended Complaint to correct this deficiency. Accordingly, Defendant Stokes' motion is granted to the extent that Counts I through V, VII, and VIII are dismissed without prejudice as to the particular plaintiffs identified above.

### 5. Defendant Stokes' Motion to Dismiss Count III

Like Defendant Clark, Defendant Stokes also moves to dismiss Count III of the Amended

Complaint, which purports to allege a violation of Florida Statute § 517.301, on the grounds that the type of transactions entered into by Plaintiffs are specifically excluded from regulation under this section. Similarly, the Court finds that at this stage of the litigation Defendant Stokes has failed to demonstrate that Plaintiffs' claims conclusively do not fall within the scope of § 517.301. Therefore, Defendant Stokes' motion to dismiss Count III is denied.

### 6.     Defendant Stokes' Motion to Dismiss Count IV

Finally, Defendant Stokes moves to dismiss Count IV of the Amended Complaint on the grounds that it alleges violation of a non-existent section of the Florida Statutes. Plaintiffs concede that, as a result of a scrivener's error, this count erroneously alleges a violation of Florida Statutes § 517.307, rather than Florida Statutes § 517.07. Accordingly, Defendant Stokes' motion to dismiss Count IV is granted. Plaintiffs will be permitted to correct this error in their Amended Complaint.

## III.   Conclusion

Based on the foregoing, it is **ORDERED AND ADJUDGED** that :

(1)   The Motions to Sever filed by Defendants Clark and Stokes (Doc. Nos. 36, 38) are **DENIED**.

(2)   Defendant Clark's Motion to Dismiss (Doc. No. 36) is **GRANTED**, and Counts I, II, and III as pled against him are dismissed without prejudice.

(3)   Defendant Stokes' Motion to Dismiss or, in the Alternative, for a More Definite Statement as to Counts I through V (Doc No. 37) is **DENIED**.

(4)   Defendant Stokes' Motion to Dismiss Counts I through V, VII, and VIII as to Particular Plaintiffs (Doc. No. 37) is **GRANTED**, and Counts I through V, VII, and VIII as pled against him by the following plaintiffs are dismissed without prejudice:

> Donald and Camille Gillis, Warren Merlino, John Lapadula and Christine Kovacs, Jamie Castagna, R Bar, LLC, Lenard and Bonnie Rodgers, PLGC Ventures, LLC, Rose McGahee, Christopher and Melissa Sechrist, Charles A. Paxton, Craig Gordon and Bjorn Andreassen, James Casalino, Mark Younger, Dennis Niec, Ron Berman, Trust No. 2721-326, Paresh Shulka, Trust No. 2715-729, and Thomas Giardina.

(5)  Defendant Stokes' Motion to Dismiss Count III (Doc. No. 37) is **DENIED**.

(6)  Defendant Stokes' Motion to Dismiss Count IV (Doc. No. 37) is **GRANTED**, and Count IV as pled against him is dismissed without prejudice.

(7)  Plaintiffs are directed to file a Second Amended Complaint that cures the deficiencies identified herein by August 1, 2008.

**DONE AND ORDERED** at Tampa, Florida, this 3rd day of July, 2008.

Copies to:
Counsel of Record

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge