UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEFFREY SLAYTER, et al.,

    Plaintiffs,

v.                                              Case No. 8:07-cv-1903-T-24-EAJ

DC 701, LLC, et al.,

    Defendants,

_____/

## **ORDER**

This cause comes before the Court on a Motion to Dismiss Counts I through VI of the Second Amended Complaint filed by Defendant Ricky Stokes. (Doc. No. 137.) Stokes moves to dismiss Counts I through VI for failure to state a claim under Rule 12(b)(6), or alternatively to strike those claims under Rule 9(b) for failure to plead with particularity. Plaintiffs oppose the motion. (Doc. No. 141.)

**I.    Background**

This case arose from a scheme to sell securities in the form of investment contracts for the purchase of converted condominium units and membership fees at the Clearwater Cay Club Resort (the "Clearwater Investment Contract"). Plaintiffs allege that they were induced to invest in the Clearwater Investment Contract through material misrepresentations and omissions made by Defendant Stokes and several other individuals and corporations, who were formerly defendants in this case.

The instant motion is Stokes's second attempt to dismiss the claims asserted against him. On July 3, 2008, the Court granted Stokes's motion to dismiss the first amended complaint because,

although Plaintiffs had put forth general allegations regarding Stokes's conduct that would support their claims, Plaintiffs had failed to allege specific facts that would connect Stokes to several of the individual Plaintiffs. The Court dismissed the amended complaint without prejudice and directed Plaintiffs to file a second amended complaint to address this deficiency.

On November 21, 2008, Plaintiffs filed their second amended complaint. This pleading maintains the same format as the previous versions in that it contains general allegations regarding Stokes's conduct that are common to each Plaintiff and each count, as well as specific allegations of his particular conduct with respect to each Plaintiff. Some of the individual Plaintiffs have dropped their claims against Stokes altogether, and the individual and corporate defendants against whom judgment already has been entered are omitted as well. The pleading adds certain allegations in support of the remaining claims against Stokes.

Stokes again has moved to dismiss, and alternatively to strike, the second amended complaint on the following grounds: (1) that Plaintiffs have failed to plead fraud with the required specificity; (2) that the allegations do not show that he "actively participated" in the sales of the Clearwater Investment Contract to properly state claims for violations of Florida Statute §§ 517.07 and 517.12; and (3) that Plaintiffs Donald and Camille Gillis failed to allege that they received misrepresentations directly from Stokes.

**II.     Discussion**

Stokes first argues that paragraphs 2 and 4, as well as paragraphs 20 through 37 of the Second Amended Complaint, which contain allegations common to all counts, fail to satisfy the Rule 9(b) pleading requirements. Stokes contends that these paragraphs improperly lump together generalized allegations against Stokes and the former defendants in order to connect him to conduct

solely attributed to those defendants. He further contends that Plaintiffs failed to allege in these paragraphs to whom or when his alleged false representations were made.

Regarding the pleading requirements under § 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder, the Eleventh Circuit held:

> Rule 9(b) is satisfied if the complaint sets forth (1) precisely what . . . oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Ziemba v. Cascade Intl.*, 256 F.3d 1194, 1202 (11th Cir. 2001). In addition to the particularity requirements under Rule 9(b), the complaint must also contain: "(1) factual specificity as to the alleged misleading or omitted statements and (2) particular facts raising a 'strong inference' that a defendant acted with 'the required state of mind.'" *In re: Faro Techs. Secs. Litig.*, 534 F. Supp. 2d 1248, 1256 (M.D. Fla. 2007) (quoting 15 U.S.C. § 78u-4(b)).

The Court concludes that Plaintiffs have satisfied these pleading requirements by offering numerous examples of specific misrepresentations and omissions that are directly attributed to Stokes. The allegations in paragraphs 2 and 4 and 20 through 37 identify material omissions and misrepresentations that relate to the heart of the fraudulent scheme. Specifically, Plaintiffs allege that Stokes failed to disclose "a) the effect of zoning ordinance which substantially impinged on the ability to realize those profits promised from short-term rentals; b) the true financial impact of the proposed Community Development District upon which the development plans apparently rested; [and] c) the Cay Club Entities' ability to construct the as-promised amenities . . . ." (Pls.' Second Am. Compl. ¶ 4.) Plaintiffs also allege specific misrepresentations made by Stokes in paragraphs 25-30, 32-37, and 72-74. For example, in paragraph 27, Plaintiffs allege that Stokes stated the

3

following: "Once the renovations are completed, the sales team then resells our units to the end retail buyers. For the investor, these units are always made available to us at $100/SF below replacement cost which equals about .70 on the dollar. . . . Please don't let closing scare you because it is very low risk and is more of a paper shuffle than anything else." (*Id.* at ¶ 27(a).)

The mere fact that these allegations are common to all counts does not warrant them being stricken, especially when they are read in connection with Parts B(1) through B(11) of the Second Amended Complaint. In Parts B(1) through B(11), Plaintiffs recount the specific interactions each of them had with Stokes that provide the basis for their claims. For example, Plaintiffs David and Ann Clark allege that it was during a February 2005 telephone conversation and a March 11, 2005 in-person meeting when Stokes made his sales pitch to them for the "very low risk investment." (*Id.* at ¶¶ 39-40.) Similarly, Plaintiff Kyle Smith alleges that he received correspondence dated January 20, 2005 from Stokes falsely reassuring him that average returns for investors had been 168%. (*Id.* at ¶ 44.) The allegations contained in Parts B(1) through B(11), read in conjunction with the general allegations, provide the requisite "who what, when, where, and how" that is necessary to establish a sufficient level of factual support for claims under § 10(b). *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1262 (11th Cir. 2006).

Moreover, the Court is not convinced that Plaintiffs have improperly lumped together allegations against multiple defendants. Although some of the paragraphs refer to the former individual and corporate defendants, nearly every paragraph alleges Stokes's active involvement in making the fraudulent misrepresentations that induced Plaintiffs to invest. There can be no confusion about which allegations are stated against Stokes because he is the only defendant remaining. Plaintiffs allege that Stokes induced them to invest, sold the security through his efforts

4

and for his own financial gain, represented himself as "Director of Cay Club Investor Relations," and directly or indirectly dealt with each Plaintiff. It is for this same reason that the Court also rejects Stokes's argument that Plaintiffs have failed to sufficiently allege his active participation in the sale of the Clearwater Investment Contract.

Finally, the Court rejects Stokes's contention that the claims asserted by Plaintiffs Donald and Camille Gillis should be dismissed because they have not alleged that Stokes directly communicated with them any fraudulent misrepresentation or omission. Their allegation that "Stokes knew his false representations to [co-Plaintiffs] the Clarks and Peter Gillis were being passed along to [them]" is sufficient to state a claim. (*Id.* at ¶ 51.) Under § 10(b), "there is no requirement that the alleged violator directly communicate misrepresentations to investors for primary liability to attach." *SEC v. Wolfson*, 539 F. 3d 1249, 1261 (10th Cir. 2008) (citations omitted).

### III. Conclusion

Based on the foregoing, it is **ORDERED AND ADJUDGED** that Defendant Stokes's Motion to Dismiss Count I through VI of the Second Amended Complaint (Doc. No. 137) is **DENIED**. Defendant Stokes is ordered to file his Answer to the Second Amended Complaint by February 27, 2009.

**DONE AND ORDERED** at Tampa, Florida, this 29th day of January, 2009.

Copies to:
Counsel of Record

SUSAN C. BUCKLEW
United States District Judge